```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA         )
                                 )
            vs.                  ) Criminal Action No. 99-176
                                 )
JOHN DASTA                       )

## MEMORANDUM

### I

The defendant, John Dasta, has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). (Document No. 253). For the reasons set forth below, the motion will be denied.

### II

The pertinent history of this case may be summarized as follows:

In November, 1999, a two-count indictment was returned against the defendant at the above-captioned criminal number. In Count One, the defendant was charged with conspiracy to distribute, and possess with intent to distribute, in excess of 5 kilograms of cocaine from in or around 1989 to in or around February, 1998, in violation of 21 U.S.C. § 846. In Count Two, the defendant was charged with engaging in monetary transactions in property derived from unlawful activity on February 6, 1996, in violation of 18 U.S.C. § 1957(a).

On October 31, 2001, the defendant appeared before the Court, pleaded guilty to the charges in Indictment No. 99-176 and

a presentence report was ordered.[1]  Thereafter, on February 15, 2002, the Court sentenced the defendant to a total term of imprisonment of 121 months.[2]

On August 2, 2004, the defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of imprisonment imposed upon him on February 15, 2002, arguing that the sentence was illegal in light of the Supreme Court's then recent decision in Blakely v. Washington, 542 U.S. 296 (2004), because the amount of cocaine attributable to the defendant in the conspiracy charged in Count One of Indictment No. 99-176 was determined by the Court, rather than a jury.[3]  In response, the

---

1. With respect to the significant delay between the filing of the indictment and the defendant's guilty plea, the defendant failed to appear for a bond revocation hearing and was a fugitive for approximately 1½ years.

2. Based on a total offense level of 31 and a criminal history category of III, the defendant's range of imprisonment under the United States Sentencing Guidelines was 135 to 168 months.  At the time of sentencing, however, the defendant moved for a downward departure based on United States v. Shoupe, 988 F.2d 440 (3d Cir.1993), arguing that a criminal history category of III significantly over-represented the seriousness of his criminal history.  The Court granted the motion for a downward departure and reduced the defendant's criminal history category to II.  Based on a total offense level of 31 and a criminal history category of II, the defendant's range of imprisonment under the United States Sentencing Guidelines was 121 to 151 months, and he was sentenced to the low end of the range.

3. In Blakely, the petitioner pleaded guilty to a State charge related to the kidnaping his estranged wife.  The facts admitted in his plea supported a maximum sentence of 53 months' imprisonment, but the judge imposed a 90-month term of imprisonment after finding that the petitioner acted with
(continued...)

government filed a motion to dismiss, arguing that the defendant's Section 2255 motion was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4]

By Memorandum and Order dated June 17, 2005, the Court denied the defendant's Section 2255 motion and granted the government's motion to dismiss. Initially, the Court noted that, contrary to the assertion in the defendant's Section 2255 motion, the Court had not determined the amount of cocaine to be attributed to him in connection with the conspiracy charged in Count One of Indictment No. 99-176. Rather, the defendant had stipulated to the amount of cocaine in his plea agreement with the government. In addition, the Court agreed with the government that the defendant's Section 2255 motion was untimely, rejecting the defendant's argument that Blakely created a new right, and, therefore, under paragraph 6(3) of 28 U.S.C. § 2255,

---

(...continued)
"deliberate cruelty," a statutorily enumerated ground for departing from the standard range. The Washington Court of Appeals affirmed the petitioner's sentence, rejecting his argument that the sentencing procedure violated his federal constitutional right to have a jury determine beyond a reasonable doubt all facts essential to his sentence. The Supreme Court granted certiorari and reversed. Subsequently, in United States v. Booker, 543 U.S. 220 (2005), which was decided while the defendant's Section 2255 motion in this case was pending, the Supreme Court applied the holding in Blakely to the United States Sentencing Guidelines.

4. Under the AEDPA, a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is subject to a one-year period of limitations. See 28 U.S.C. § 2244(d)(1).

3

the one-year limitation period for filing his Section 2255 motion began to run on the date of the <u>Blakely</u> decision.[5] Subsequently, on July 29, 2005, the Court denied the defendant's motion for a certificate of appealability.

On August 15, 2005, the defendant filed a notice of appeal from the Court's Memorandum and Order denying his Section 2255 motion. However, on November 4, 2005, the United States Court of Appeals for the Third Circuit denied his request for a certificate of appealability. On October 13, 2006, the defendant filed the present motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) to which the government has filed a response.[6]

---

5. In so ruling, the Court noted that the identical argument raised by the defendant regarding the timeliness of his Section 2255 motion had been raised and rejected by the United States Court of Appeals for the Third Circuit in <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir.2005).

6. In support of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), the defendant asserts that (1) this was his first incarceration and he was 54 years old at the time of incarceration; (2) he has reflected on the seriousness of the offenses to which he pleaded guilty, has served five years of his sentence and has lost everything he ever owned; (3) he is the only person charged in the drug conspiracy who remains incarcerated; (4) unusual circumstances led to his involvement in the charged offenses, *i.e.*, the sudden death of his wife in an automobile accident; (5) prior to the death of his wife, he was a model citizen with a thriving construction business; (6) he raised three boys to achieve their respective potential in academics and sports; (7) he has suffered from a low back injury during the entire five years of his incarceration; (8) he suffers from diabetes and hypertension; and (9) he has completed numerous classes while incarcerated which will benefit him upon his re-
(continued...)

4

III

Section 3582(c)(2) of Title 18 of the United States Code provides:

> **§ 3582. Imposition of a sentence of imprisonment**
>
> \* \* \*
>
> **(c) Modification of an imposed term of imprisonment.**–The court may not modify a term of imprisonment once it has been imposed except that–
>
> \* \* \*
>
>> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In support of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), the defendant does not rely on any action taken by the Sentencing Commission to lower the sentencing range that was applied to him at the time of sentencing on February 15, 2002. Rather, the defendant argues that "[s]ince Booker has struck down the 'mandatory applications' (sic) of the Guidelines, all the guideline ranges have been 'subsequently lowered' by virtue of the Booker decision." (Document No. 253, p. 1).

---

(...continued)
entry into society. (Document No. 253, pp. 2-3).

After consideration, the Court agrees with the government that the defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Simply put, Booker is a decision of the Supreme Court, not an amendment to the United States Sentencing Guidelines by the Sentencing Commission which lowered the range of imprisonment applicable to the defendant in this case. See, e.g., United States v. Padilla, 190 Fed.Appx. 119, 122 (3d Cir.2006)(A defendant is not entitled to Booker relief under 18 U.S.C. § 3582(c)(2) "because Booker is a decision of the Supreme Court, not an amendment by the Sentencing Commission."); United States v. Lizardo, 169 Fed.Appx. 731 (3d Cir.2006)(Booker decision did not qualify as an amendment to the United States Sentencing Guidelines, so as to warrant a reduction in sentence under 18 U.S.C. § 3582(c)(2)). Cf. United States v. McBride, 283 F.3d 612, 615 (3d Cir.2002)(holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), does not afford relief to a defendant seeking a modification of sentence under 18 U.S.C. § 3582(c)(2)).

The Court further agrees with the government that the defendant's motion properly is characterized as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and that the motion should be denied. First, Booker is not retroactively applicable to cases on collateral review and the defendant's conviction and sentence became final several years before the Booker decision was issued. See Lloyd v. United

States, 407 F.3d 608, 614-16 (3d Cir.2005), cert. denied, 126 S.Ct. 288 (2005). Second, a district court is without jurisdiction to review a second or successive Section 2255 motion in the absence of certification by a panel of the appropriate court of appeals, see 28 U.S.C. §§ 2244(a), 2255 ¶ 8, and no such certification has been obtained by the defendant from the United States Court of Appeals for the Third Circuit. Based on the foregoing, the defendant is not entitled to the requested relief.

                                         /s/ William L. Standish
                                             William L. Standish
                                             United States District Judge

Date: December 19, 2006